**So Ordered.**

**Dated: April 18th, 2017**

Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 15-00870-FPC13 |
| TERELL W. EUTSLER, | **NOT FOR PUBLICATION** |
| Debtor. | MEMORANDUM DECISION RE: MOTION FOR RECONSIDERATION |

Appellants, Brady F. Carruth and William Leslie Doggett (collectively, the "Complaining Shareholders") filed a motion for reconsideration of the court's order denying their motion for relief from the automatic stay in order to purchase debtor Terell W. Eutsler's shares in a jointly held software company ("Reconsideration Motion"). [ECF No. 86]. The court has reviewed the motion and the matter is ready for decision.[1]

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM DECISION ~ Page 1

A court may reconsider a decision under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment or order). *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).[2] However, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Additionally, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

In this case, the Complaining Shareholders' Reconsideration Motion requests relief pursuant to 60(b), without specifying a specific subsection. Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment or order for a variety of reasons.[3] FED. R. CIV. P. 60(b). However, because the Reconsideration Motion merely repeats the arguments asserted by the Complaining Shareholders in their relief from stay motion, the court presumes that they are seeking relief pursuant

---

[2] Federal Rules of Civil Procedure 59 and 60 are incorporated to bankruptcy proceedings by Federal Rules of Bankruptcy Procedure 9023 and 9024 respectively.

[3] Federal Rule of Civil Procedure 60(b) only "authorizes setting aside a judgment … for reasons that would have prevented entry of the judgment in the first place, had the reasons been known at the time judgment was entered." *United States v. Washington*, 98 F.3d 1159, 1164 (9th Cir. 1996). The Rule provides in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …, misrepresentation, or misconduct by an opposing party; … or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b).

to Rule 60(b)(6) which allows relief for any other justifiable reason. FED. R. CIV. P. 60(b)(6). Although Rule 60(b)(6) is a seemingly catch-all phrase, the courts have construed it strictly, using it only to "correct a manifest injustice." *Washington*, 98 F.3d at 1167; *see also In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007). It is the burden of the party moving for relief under Rule 60(b)(6) to "show both injury and that circumstances beyond its control prevented timely action to protect its interests. Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (internal citations omitted). In this case, the Complaining Shareholders have not met their burden and the court finds that they are not entitled to the relief requested.

The Complaining Shareholders argue, in their initial motion and in their Reconsideration Motion, that they are entitled to relief because Mr. Eutsler committed a material breach. ECF No. 86 at p. 7.[4] According to the Complaining Shareholders, Mr. Eutsler's breach qualifies as material because it "defeats the purpose of the Buy-Sell Agreement." [P. 6]. The Complaining Shareholders insist that the court failed to consider Mr. Eutsler's ongoing obligations when determining the breach was not material. The court summarizes the Complaining Shareholders' argument: "[t]he very purpose of the Buy-Sell Agreement is to restrict the ability of

---

[4] Unless otherwise noted, the court is referencing the Complaining Shareholders' Reconsideration Motion, ECF No. 86.

MEMORANDUM DECISION ~ Page 3

the owners of the Company from selling ownership to outsiders …." [p. 3] and Mr. Eutsler's breach (failure to provide "notice of his bankruptcy and not agreeing to sell his shares ….") [p. 7] "deprive[d] the Complaining Shareholders of the benefit of their bargain." [P. 2].

Contrary to the argument of the Complaining Shareholders, the court considered all of the obligations and negative covenants when it determined that Mr. Eutsler's breach was not material. The court simply disagreed with the Complaining Shareholders as to the materiality of the obligations. The court found that Mr. Eutsler's alleged breach did *not* deprive the Complaining Shareholders of the benefit that they reasonably anticipated.

As noted above, the Complaining Shareholders assert that the purpose of the agreement was "to restrict transfers of ownership to outsiders." [P. 14]. There has been no evidence presented that this purpose was defeated. Indeed, there is no evidence that Mr. Eutsler or the Trustee sold ownership shares to outsiders or even desired to transfer ownership to outsiders. Because the Complaining Shareholders are attempting to force Mr. Eutsler to sell his ownership interest solely because he filed for bankruptcy, rather than protecting their shares from being sold to outsiders, this case is distinguishable from cases in which stockholders are enforcing a right of

15-00870-FPC13    Doc 90    Filed 04/18/17    Entered 04/18/17 09:07:10    Pg 4 of 5

first refusal. The Complaining Shareholders' argument is not persuasive and they have failed to establish that they are entitled to relief pursuant to Rule 60(b).[5]

Consistent with this Memorandum Decision, the court will enter and an order denying the Reconsideration Motion.

///END OF MEMORANDUM DECISION///

---

[5] Although the Reconsideration Motion only sought relief pursuant to Rule 60(b), relief from judgment is also available under Rule 59 if it is filed within the time frame set forth in that rule. *In re Wylie*, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006). Therefore, even though not specifically pled, the court considered both rules in relation to the Complaining Shareholders' Reconsideration Motion. However, the court finds that the Complaining Shareholders also failed to establish that they are entitled to relief pursuant to Rule 59. Reconsideration under 59(e) is appropriate when the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In this case, the Complaining Shareholders do not cite a change in facts or controlling law in support of the motion, but merely argue that the court committed clear error with its decision.